ADAM GORDON
United States Attorney
ALEX M. BIGGS
Special Assistant U.S.
Attorney Utah Bar No. 15998
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
(619) 546-8433
Alex.Biggs@usdoj.gov

Attorneys for Plaintiff United
States of America

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>    v.<br><br>EDY ADAY OSORIO-BERRELLEZA,<br><br>       Defendant. | Case No.   <u>25cr1111-WQH</u><br>             <u>25MJ1112</u><br><br>**PLEA AGREEMENT** |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Andrew Gordon, United States Attorney, and Alex M. Biggs, Special Assistant United States Attorney, and defendant, EDY ADAY OSORIO-BERRELLEZA, with the advice and consent of Holly S. Hanover, counsel for defendant, as follows:

//

//

//

//

//

//

//

AMB:lml:4/14/25

Def. Initials 𝐸𝐴𝑂𝐵

I

## THE PLEA

A.   THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a three-count Information charging defendant with:

### Count 1

On or about March 12, 2025, within the Southern District of California, defendant, EDY ADAY OSORIO-BERRELLEZA, with the intent to violate the immigration laws of the United States, did bring to the United States an alien, namely, Gleida Gomez Lopez, knowing that said person was an alien, at a place other than a designated port of entry and at a place other than as designated by the Department of Homeland Security; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i).

### Count 2

On or about March 12, 2025, within the Southern District of California, defendant EDY ADAY OSORIO-BERRELLEZA did forcibly assault a person named in Title 18, United States Code, Section 1114, to wit, Department of Homeland Security, United States Border Patrol Agent K. Songco, by using a deadly or dangerous weapon by throwing slightly smaller than softball-size rocks at Agent Songo, while Agent Songco was engaged in and on account of the performance of his official duties, in violation of Title 18, United States Code, Sections 111(a) and (b), a felony.

### Count 3

On or about March 12, 2025, within the Southern District of California, defendant EDY ADAY OSORIO-BERRELLEZA did forcibly assault a person named in Title 18, United States Code, Section 1114, to wit, Department of Homeland Security, Air Interdiction Agent N. Burkle, by using a deadly or dangerous weapon by throwing slightly smaller than softball-size rocks at the helicopter occupied by Agent N. Burkle, while engaged in and on account of the performance of his official duties; in violation of Title 18, United States Code, Sections 111(a)and(b), a felony.

B.   PARTIES' AGREEMENT AS TO FILINGS

In contemplation of this plea agreement, defendant agrees not to file or argue any substantive motions, including those described in Fed.

2

Def. Initials *EADB*

_____CR _____

R. Crim. P. 12. Defendant shall not file any motion or appeal as to bond in any Court more than 28 calendar days after the initial appearance in this matter unless defendant has entered a guilty plea in open Court.

C.    NO PROSECUTION ON THE MANDATORY MINIMUM COUNT

In exchange for defendant's guilty plea and provided defendant complies fully with all terms of this plea agreement, the Government agrees not to charge defendant with additional counts in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), which carries a mandatory minimum sentence.

## II

## NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

### Count 1

1.    Defendant brought a person who was an alien to the United States at a place other than a designated port of entry or at a place other than as designated by a United States immigration official.

2.    Defendant knew that the person was an alien.

3.    Defendant acted with the intent to violate the United States immigration laws by assisting that person to enter the United States at a time or place other than as designated by a United States immigration official or to otherwise elude United States immigration officials.

### Count 2

1.    Defendant forcibly assaulted Agent K. Songco.

2.    Defendant did so while Agent K. Songco was engaged in, or on account of his official duties.

3.    Defendant used a deadly or dangerous weapon.

### Count 3

1.    Defendant forcibly assaulted Agent N. Burkle.

3

Def. Initials E A O B
_____ CR _____

2. Defendant did so while Agent N. Burkle was engaged in, or on account of his official duties.

3. Defendant used a deadly or dangerous weapon.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

Count 1

1. On March 12, 2025, defendant guided an alien, Gleida Gomez Lopez, to the United States from Mexico. They were apprehended approximately 8 miles east and 1.3 miles north of the Otay Mesa, California Port of Entry.

2. Defendant knew that Gleida Gomez Lopez was an alien and not a citizen or national of the United States.

3. Defendant acted with the intent to violate the United States immigration laws by assisting Gleida Gomez Lopez to enter the United States at a time or place other than as designated by United States immigration officials or to otherwise elude United States immigration officials.

4. Gleida Gomez Lopez was paying $10,000, to be brought into the United States illegally and transported or moved illegally to her destination therein.

5. Defendant was to be paid $2,000, to smuggle Gleida Gomez Lopez into the United States.

Count 2

1. On or about March 12, 2025, defendant forcibly assaulted Agent K. Songco.

2. Defendant did so while Agent Songco was engaged in, or on account of his official duties as a Border Patrol Agent.

3. While Agent Songco was pursuing Defendant, Defendant threw slightly smaller than softball sized rocks at Agent Songco. On one occasion, when Defendant was approximately twenty-five yards from Agent Songco, Defendant threw a rock at Agent Songco. This rock landed approximately 10 yards away from Agent Songco. Defendant admits that the United States could prove that Agent

4

Def. Initials EAOB

_____ CR _____

Songco was concerned about the risk of immediate bodily harm and directed an air support helicopter to turn on its spotlight so he could avoid being hit by the rocks.

4. Defendant was intentionally threatening to strike Agent Songco with the rocks and was within throwing distance to strike Agent Songco and thereby inflict injuries on Agent Songco.

### Count 3

1. On or about March 12, 2025, defendant forcibly assaulted Agent N. Burkle.

2. While Defendant was being pursued by Border Patrol Agents, two federal law enforcement officers – Air Interdiction Agent N. Burkle and Aviation Enforcement Agent J. Ball were providing air support while flying a Customs and Border Protection Helicopter. During this pursuit, there were times the helicopter was flying low and only 20 to 40 yards away from Osorio.

3. Defendant threw approximately six to eight rocks at the helicopter occupied by Agents Ball and Burkle when they were flying within throwing distance of Defendant. Defendant threw the first rock at the helicopter when Defendant was at a higher elevation than the helicopter on the mountain and was within throwing distance of the helicopter. When Agent Burkle saw the rock being thrown, he performed an evasive maneuver to avoid being struck by the rock. Defendant admits that the United States could prove that Agents Ball and Burkle were concerned about the risk of immediate bodily harm.

Defendant was intentionally threatening to strike the agents with the rocks and was within throwing distance to strike the helicopter in which the agents were piloting and thereby inflict injuries on the agents and place the helicopter in jeopardy of crashing.

### III

### **PENALTIES**

The crime to which defendant is pleading guilty carries the following penalties:

### Count 1

A. A maximum 10 years in prison;

B. A maximum $250,000.00 fine;

5

Def. Initials _ЄАОВ_
_____CR_____

C. A mandatory special assessment of $100.00 per count;

D. Unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000.00 per count;

E. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

F. Possible ineligibility for certain Federal benefits.

<u>Count 2 and Count 3</u>

A. A maximum 20 years in prison;

B. A maximum $250,000 fine;

C. A mandatory special assessment of $100 per count;

D. A term of supervised release of ~~at least~~ *no more than* 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

E. Possible ineligibility for certain Federal benefits.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages of trial;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of defendant; and

F. Not testify or have any adverse inferences drawn from the failure to testify.

6

Def. Initials EAOB

CR _____

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant also may be denied United States citizenship and admission to the United States in the future.

V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and

7

Def. Initials _EAOB_

_____CR_____

rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.   No one has threatened defendant or defendant's family to induce this guilty plea; and,

D.   Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE, SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until

8

Def. Initials EAOB

CR

a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared.** Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties agree that Counts One, Two, and Three should Group pursuant to USSG § 3D1.2(c). The adjusted offense level for Counts 2 and 3 are less than Count 1 because the offense level for Counts 2 and 3 would be an 11 while the offense level for Count 1 would be at least a 19 with

9

Def. Initials _EAOB_
_____ CR _____

acceptance of responsibility under USSG § 3E1.1, regardless of any increase for the prior immigration felony under USSG 2L1.1(b)(3). Thus, based on USSG § 3D1.2(c), Count 1 will control. Accordingly, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures (if applicable) be used to impose the actual sentence:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2L1.1(a)(3)] | 12 |
| 2. | Prior Immigration Felony [USSG § 2L1.1(b)(3)] | --* |
| 3. | Dangerous weapon was brandished or otherwise used [USSG § 2L1.1(b)(5)(B)] | +4/20[1] |
| 4. | Combined Offense Level [USSG § 3D1.1(a)] | +2 |
| 5. | Acceptance of Responsibility [USSG § 3E1.1] | -3 |
| | Total Adjusted Offense Level | 19 |

To reach the grouping determination above, the parties agree that the separate guidelines for each offense would be as follows.

### Count 1

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2L1.1(a)(3)] | 12 |
| 2. | Prior Immigration Felony [USSG § 2L1.1(b)(3)] | --* |
| 3. | Dangerous Weapon [USSG § 2L1.1(b)(5)] | +4/20 |
| 4. | Acceptance of Responsibility [USSG § 3E1.1] | -3 |

### Count 2

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2A2.4(a)] | 10 |
| 2. | Physical Contact/Dangerous Weapon [USSG § 2A2.4(b)(1)] | +3 |

[1] Pursuant to USSG § 2L1.1(b)(5)(B, if a dangerous weapon is used, the level is increased by 4, but if the resulting level is less than 20, the increase is to 20.

10                          Def. Initials _EAOB_
                                    _____ CR _____

3.    Acceptance of Responsibility [USSG § 3E1.1]      -2

### Count 3

1.    Base Offense Level [USSG § 2A2.4(a)]              10

2.    Physical Contact/Dangerous Weapon               +3
      [USSG § 2A2.4(b)(1)]

3.    Acceptance of Responsibility [USSG § 3E1.1]      -2

**\*There is no agreement regarding defendant's criminal history category. However, if defendant has previously sustained a conviction for a felony immigration and naturalization offense, the parties will recommend a +2 adjustment, pursuant to USSG § 2L1.1(b)(3)(A). If defendant has previously sustained two or more such felony immigration convictions, the parties will recommend a +4 adjustment, pursuant to USSG § 2L1.1(b)(3)(B).**

B.    ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.    Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.    Falsely denies prior criminal conduct or convictions;

3.    Is untruthful with the Government, the Court or probation officer; or

4.    Breaches this plea agreement in any way.

C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
      INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant **may** request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C.

11                          Def. Initials _EAAB_
                            _____CR _____

§ 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to defendant's Criminal History Category, except that, if defendant is determined to be a Career Offender, the parties agree that defendant is automatically a Criminal History Category VI pursuant to USSG § 4B1.1(b).

E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The Government agrees to recommend that defendant be sentenced to twenty-seven months.

G.    SPECIAL ASSESSMENTS AND FINE

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing.

In addition, unless the sentencing court finds defendant to be indigent, the parties also will jointly recommend that defendant pay an additional special assessment in the amount of $5,000 per count of qualifying conviction, which shall not be payable until defendant satisfies all outstanding fines, orders of restitution, and any other obligation in this case related to victim-compensation. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check, or money order made payable to the "Clerk, United States District Court."

12                    Def. Initials _EAOB_
                           CR

The parties will not recommend imposition of a fine due to defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program likely would exceed the amounts that could reasonably be expected to be collected.

H.    SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, defendant will not seek to reduce or terminate early the term of supervised release until defendant has served at least two-thirds of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment and restitution judgment.

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order.  This waiver includes, but is not limited to, any argument that the statute of conviction or defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged.  The only exceptions are 1) defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing and 2) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel. If defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

13

Def. Initials _EAOB_
_____ CR _____

## BREACH OF THE PLEA AGREEMENT

Defendant and defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

A. Failing to plead guilty pursuant to this agreement;

B. Failing to fully accept responsibility as established in Section X, paragraph B, above;

C. Failing to appear in court;

D. Attempting to withdraw the plea;

E. Failing to abide by any court order related to this case;

F. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

G. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If defendant breaches this plea agreement, defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement, (defendant agrees that any statute of limitations relating to such charges is tolled indefinitely

14                                    Def. Initials EAOB
                                      _____ CR _____

as of the date all parties have signed this agreement; defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for defendant's breach.

Additionally, if defendant breaches this plea agreement: (i) any statements made by defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any prosecution of, or any action against, defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the defendant. Additionally, defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

15

Def. Initials **EADB**

CR

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

16                                Def. Initials £A0B
                                        CR

XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and defendant's counsel did not advise defendant about what to say in this regard.

Respectfully submitted,

ANDREW GORDON
United States Attorney

4/21/2025
DATED

ALEX M. BIGGS
Special Assistant U.S. Attorney

4-17-25
DATED

HOLLY S. HANOVER
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE.**

4-17-25
DATED

X Edy. Osorio
EDY ADAY OSORIO-BERRELLEZA
Defendant

Approved by:

/s/ Lawrence A. Casper
LAWRENCE A. CASPER
Assistant U.S. Attorney

1/19/2024 cek

17                          Def. Initials X EAOB
                                        CR